IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

D.P.O., A CHILD,

      Petitioner,

 v.                                         Case No.  5D17-0452

STATE OF FLORIDA,

      Respondent.

_____/

Opinion filed February 24, 2017

Petition for Writ of Habeas Corpus,
A Case of Original Jurisdiction.

Daniel Wehking, Assistant Regional
Counsel, of the Office of the Criminal
Conflict and Civil Regional Counsel,
Melbourne, and Jeffrey Deen, Regional
Counsel, of the Office of the Criminal
Conflict and Civil Regional Counsel,
Casselberry, for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Robin A. Compton,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

      D.P.O., a child, petitions this court for a writ of habeas corpus, arguing she is being

illegally held in nonsecure detention based on the trial court's February 2, 2017 order

placing her on electronic monitoring until March 30, 2017. She also claims she was illegally ordered to have no contact with the victim.

Section 985.26(3), Florida Statutes (2016), provides that a child may not be held in secure or nonsecure detention care for more than 15 days following the entry of an order of adjudication. Electronic monitoring is considered to be a form of nonsecure detention under section 985.03(18)(b), Florida Statutes (2017). Inasmuch as the order placing D.P.O. on electronic monitoring for more than 15 days following her adjudicatory hearing is unauthorized absent a delay pursuant to section 985.26(4), Florida Statutes,[1] we grant the writ and remand for entry of an order striking electronic monitoring.[2]

PETITION GRANTED.

BERGER, WALLIS and LAMBERT, concur.

---

[1] Section 985.26(4) provides:

> The time limits in subsections (2) and (3) do not include periods of delay resulting from a continuance granted by the court for cause on motion of the child or his or her counsel or of the state. Upon the issuance of an order granting a continuance for cause on a motion by either the child, the child's counsel, or the state, the court shall conduct a hearing at the end of each 72-hour period, excluding Saturdays, Sundays, and legal holidays, to determine the need for continued detention of the child and the need for further continuance of proceedings for the child or the state.

Nothing in the trial court's order requiring D.P.O. be placed on electronic monitoring provided for a 72-hour review hearing to determine the need for continued detention.

[2] We find no merit in D.P.O.'s claim regarding the no-contact order.